IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

EMMITT JONES
ADC #51864                                                                                           PETITIONER

VS.                                    5:05CV00118 WRW/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                                                         RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Background

On April 20, 2005, Petitioner, Emmitt Jones, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] (Docket entry #2.) Before addressing the merits of Petitioner's habeas claims, the Court will briefly review the relevant underlying facts and procedural history of this case.

On October 24, 1997, Petitioner was convicted in Chicot County Circuit Court of possession of crack cocaine with intent to deliver, possession of drug paraphernalia, simultaneous possession of drugs and a firearm, and two counts of delivery of a controlled substance. (Docket entry #11, Ex. A.) The jury sentenced Petitioner to a total of 73 years in the Arkansas Department of Corrections.

---

[1] Petitioner has also filed a Motion requesting a "Declaratory Judgment," arguing that he is entitled to relief on his "undisputable claims" in his habeas Petition. (Docket entry #29.) The Court recommends that the Motion be denied for the same reasons as the Petition.

Petitioner appealed his conviction and sentence to the Arkansas Court of Appeals, where he argued that the trial court erred in: (1) requiring him to go to trial when the State had not complied with his discovery request; (2) refusing to grant a continuance to secure the attendance at trial of a defense witness and by refusing to institute compulsory process to insure the presence of that witness; and (3) denying his motion for a new trial. On January 6, 1999, the Court affirmed. *Jones v. State*, 1999 WL 10098 (Ark. Ct. App. 1999) (unpublished decision) ("*Jones I*").

Thereafter, Petitioner filed a timely petition for Rule 37 relief in the Chicot County Circuit Court, followed with an amended petition. On January 9, 2002, the Circuit Court entered an order denying Rule 37 relief, and Petitioner appealed to the Arkansas Supreme Court. On March 3, 2005, the Court affirmed. *Jones v. State*, 2005 WL 488711 (Ark. 2005) ("*Jones II*").

On April 20, 2005, Petitioner initiated this action by filing a habeas Petition and supporting brief (docket entries #2 and #3), which he later amended. (Docket entry #19.) Respondent has filed Responses to the habeas Petitions (docket entries #11 and #22), to which Petitioner has replied. (Docket entries #18 and #28.) Thus, the issues are joined and ready for disposition.

Petitioner asserts the following grounds for habeas relief: (1) his conviction was the result of an illegal search and arrest; (2) the prosecution failed to disclose favorable evidence; (3) his trial attorney and his attorney involved with his post-conviction appeals provided ineffective assistance of counsel; (4) he was denied his right to appeal; (5) the "prosecuting authority" and the trial judge engaged in criminal and other misconduct; (6) his sentence was unconstitutional under the Eighth Amendment; and (7) the Arkansas Court of Appeals lacked jurisdiction over his direct appeal. For the reasons discussed below, the Court concludes that each of these arguments is without merit and recommends that this habeas Petition be denied and the case be dismissed, with prejudice.

## II. Discussion

Section 2254 makes it clear that a habeas petitioner is not entitled to relief unless he can show, as to those issues adjudicated on the merits in state court, that the state court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003). A state court's decision involves an unreasonable application of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 133, 141 (2005). The state court's factual findings are presumptively correct, and Petitioner must come forward with clear and convincing evidence that a factual finding lacks evidentiary support. *See* 28 U.S.C. § 2254(e)(1); *Whitehead v. Dormire*, 340 F.3d 532, 539 (8th Cir.2003). The Court must apply the foregoing legal principles in evaluating the merits of Petitioner's individual grounds for habeas relief.

### A.    Unlawful Search and Arrest

Petitioner first argues that his conviction was based on evidence obtained through an unlawful search and arrest. Petitioner was arrested following the execution of a search warrant on a residence where he lived part-time. According to documents filed in support of the issuance of the

search warrant, Petitioner had used that residence on two occasions to sell drugs to a confidential informant.

Petitioner contends that "a false proffer of the existence of [an] audio tape, which purports to incriminate this Petitioner on two counts of delivery of a controlled substance was utilized as the basis for gaining a warrant that led to the Petitioner's illegal arrest and the search and seizure of consequences to the other charges." (Docket entry #2 at p. 5.) In Petitioner's Amended Petition, he claims that the trial court violated Petitioner's constitutional rights by relying on unsubstantiated information from a confidential informant. (Docket entry #19 at 5.) Among other things, Petitioner challenges the credibility of the confidential informant and claims that he effectively acted as the police, without any probable cause. He also challenges: the credibility of the police officers who observed the controlled buy; whether any actual cocaine was found in the searched residence; and whether any firearms or drug paraphernalia can properly be attributed to Petitioner.

Respondent contends that the doctrine of procedural default bars Petitioner from raising this argument because he failed to assert it in his direct appeal. "[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court." *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir.2006). In addition, a habeas petitioner must also demonstrate that he "fairly presented" the constitutional nature of his argument in state court. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). To satisfy the "fair presentation" requirement, a habeas petitioner must have referred the state court to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Ford v. Norris*, 364 F.3d 916, 921 (8th Cir. 2004). Claims in a federal habeas petition not presented in the state court proceedings and for which there is no remaining state court remedy are defaulted, and a

5

habeas petitioner's default will be excused only if he shows cause and prejudice for the default or a miscarriage of justice. *Winfield*, 460 F.3d at 1034.

In his direct appeal to the Arkansas Court of Appeals, Petitioner did not raise the constitutionality of the search warrant and his subsequent arrest. Thus, the Court concludes that 0Petitioner has procedurally defaulted those arguments.

In his Reply, Petitioner contends that, if these arguments were "improperly raised" in state court, it was due to the ineffective assistance of his counsel. In order for an ineffective assistance claim to be considered as cause to excuse procedural default, it "must first be raised as an independent constitutional claim to the state courts[.]" *Clemons v. Luebeers*, 381 F.3d 744, 745 n.4 (8th Cir. 2004). While Petitioner did raise certain ineffective assistance arguments in his Rule 37 proceedings, he did not assert the claim that his counsel was ineffective for failing to raise the issues of his allegedly unlawful arrest or the allegedly unconstitutional search warrant.[2] To the extent that Petitioner argues that his post-conviction Rule 37 counsel provided him ineffective assistance in failing to raise and obtain a ruling on these claims, it is well settled that, because there is no constitutional right to counsel in state post-conviction proceedings, a petitioner cannot show cause for procedural default by alleging ineffective assistance of counsel at the post-conviction stage. *See Morris v. Norris,* 83 F.3d 268, 270 (8th Cir.1996).

Finally, Petitioner appears to argue that his procedural default should be excused due to his actual innocence, which he claims would have been borne out by the tape that his trial counsel

---

[2] *See Jones II,* 2005 WL 488711, *2 (Ark. 2005) ("[Petitioner] makes the following three claims of ineffectiveness: (1) trial counsel, Brad Chambless, was not prepared to go to trial, (2) counsel moved to suppress a tape that could have proved that [Petitioner] did not take part in the drug buy, and (3) counsel failed to attach to his motion for continuance an affidavit as required by Ark.Code Ann. § 16-63-402(a) (1987)").

6

suppressed from evidence and "[t]estimony by persons who received sentence concessions, money, or other compensation without disclosure" could "have led to a different outcome at trial." (Docket entry #18.) The actual innocence exception requires a habeas petitioner to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted. *See* Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006); *see also Cassell v. Norris*, 103 F.3d 61, 62 (8th Cir.1996) ("For actual innocence to lift the procedural bar, [a petitioner] must show that it is more likely than not that, in light of new evidence, no reasonable juror would have convicted him."), *cert. denied*, 522 U.S. 857 (1997). In *Schlup v. Delo*, 513 U.S. 298, 324 (1995), the Court addressed the standard of proof governing the review of actual innocence claims:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

In this case, Petitioner has not come forward with any new reliable evidence supporting his claim that he was actually innocent of the crimes for which he was convicted. *See Weeks*, 119 F.3d at 1354 (affirming denial of prisoner's request for an evidentiary hearing to develop actual innocence exception - "A federal court's relitigation of the factual basis for [petitioner's] conviction - even in the context of a claim of actual innocence tied to a state procedural default - would run afoul of bedrock principles of finality, comity, and judicial economy.") As a matter of law, Petitioner's conclusory assertions that he is actually innocent is insufficient to invoke the exception.

Thus, the Court concludes that Petitioner's first ground for habeas relief is without merit.

B.      **Failure of Prosecution to Disclose Favorable Evidence**

Second, Petitioner argues that his conviction was the result of the prosecutor's failure to disclose favorable evidence. According to Petitioner, the allegedly undisclosed favorable evidence "was the audiotape [of the confidential informant buys], and neither was the compulsory process respected with regards to producing the [confidential informant] for cross examination."

Respondent contends that this claim is also procedurally defaulted because, in his direct appeal, Petitioner cast this argument "purely [as a] state court Rule violation and not a federal constitutional violation." In Petitioner's direct appeal, he argued that the trial court erred in requiring him to go to trial despite the prosecution's "repeated violation[s] of Arkansas Rule of Criminal Procedure 17.1[.]"[3] Petitioner claimed that the prosecutor's failure to comply with Rule 17.1 denied him the opportunity to determine the extent to which the tape might have been exculpatory.

Even if the Court assumes that Petitioner raised a federal constitutional violation in his direct appeal, the claim would still be defaulted for purposes of federal habeas review, because the Arkansas Court of Appeals did not reach the merits of that argument. In affirming Petitioner's conviction, on direct appeal, the Court made it clear that, because the trial court granted his motion to suppress the tapes, he had no legal basis to complain about the prosecutor's violation of Rule 17.1:

> Here there is absolutely no doubt that the State committed discovery violations. However, [Petitioner] ultimately did not ask the trial court for a continuance and sanctions, rather, he asked to suppress the evidence that the State denied him in discovery, and the trial court granted his suppression motion. [Petitioner] received the relief requested, and accordingly he has no basis for appeal. *Jones v. State*, 326

---

[3]Rule 17.1 of the Arkansas Rules of Criminal Procedure establishes the prosecuting attorney's discovery obligations, including that "the prosecuting attorney shall, promptly upon discovering the matter, disclose to defense counsel any material or information within his knowledge, possession, or control, which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce the punishment therefor." Ark. R. Crim. P. 17.1(d).

8

> Ark. 61, 931 S.W.2d 83 (1996). Accordingly, this point does not provide a basis for appeal.

*Jones I*, 1999 WL 10098, at *3. Thus, because Petitioner obtained the very relief he sought at the trial court level, *i.e.,* suppression of the tapes, he could not have obtained any additional relief on direct appeal.

The Arkansas Court of Appeals's ruling constitutes an adequate and independent state ground that bars review of Petitioner's exculpatory evidence claim. Accordingly, procedural default bars Petitioner from raising this claim as a ground for federal habeas relief. Finally, Petitioner has not demonstrated cause and actual prejudice, or actual innocence, to excuse his procedural default.

## C. Ineffective Assistance of Counsel Claims

Petitioner contends that both his post-conviction counsel and his trial counsel were constitutionally ineffective. Respondent initially argues that Petitioner's ineffective assistance of counsel claims are procedurally defaulted because he has made only a "conclusory allegation" that "the record is replete with failure to act by trial and post-conviction appeal counsel," without explaining the specific nature of his attorney's ineffective assistance of counsel. The Court rejects Respondent's procedural default argument because, while Petitioner does not elaborate on the factual basis of his claim in his Petition (docket entry#2), he does fairly articulate the factual basis of the claim in his contemporaneously filed supporting brief. (Docket entry #3.) Thus, the Court must reach and decide the merits of Petitioner's ineffective assistance of counsel claims.

### 1. Ineffective Assistance of Postconviction Counsel

Petitioner contends that his Rule 37 counsel was ineffective on appeal.[4] Petitioner points to a number of deficiencies by his attorney that were noted by the Arkansas Supreme Court in its decision affirming Petitioner's Rule 37 appeal, including that his attorney failed to timely perfect the appeal; failed to file a timely appellate brief; and did not include a proper abstract with his brief.[5]

It has long been recognized that a habeas petitioner has no constitutional right to counsel in his state postconviction proceedings. *See Rehbein v. Clarke*, 94 F.3d 478, 484 (8th Cir. 1996) (noting the well-settled rule that there is no constitutional right to attorney in state postconviction proceedings and thus that "even if [petitioner's] postconviction counsel was ineffective, his deficient performance cannot rise to the level of an independent constitutional violation") (citing *Coleman v. Thompson*, 501 U.S. 722, 757 (1991)). Thus, as a matter of law, any deficiencies by Petitioner's post-conviction counsel cannot rise to the level of a constitutional violation cognizable in a habeas action.

### 2. Ineffective Assistance of Trial Counsel

Petitioner argues that his trial counsel was ineffective in moving to suppress the drug-buy tapes because his voice would not have been on them and thus would have exonerated him.[6] In

---

[4]At trial, Petitioner was represented by appointed counsel. After Petitioner filed his petitions for Rule 37 relief, the Circuit Court appointed separate counsel to represent Petitioner in the postconviction proceedings.

[5]Despite these shortcomings by postconviction counsel, the Arkansas Supreme Court nonetheless permitted counsel to lodge a belated appeal and file a belated brief, and rejected Petitioner's arguments on the merits or on procedural grounds.

[6]In denying Rule 37 relief, the trial court noted that the tape was not produced at trial, and that no record was made of the tape's existence or its contents in the Rule 37 proceeding.

Petitioner's direct appeal, the Arkansas Court of Appeals outlined the following circumstances surrounding the suppression of the tapes:

> [Petitioner] filed a blanket motion for discovery that included a request to disclose any electronic surveillance "of conversations to which [he] was a party." It also asked for any photographs that the State intended to introduce at trial and any evidence tending to negate his guilt. The State responded that it followed an "open file" policy, but where an audio or video recording was concerned, it would provide a copy if he furnished a blank tape or provide an opportunity to review the tape if he made arrangements at least 72 hours in advance. [Petitioner] then filed a supplemental motion for discovery which included a request for "[a]ny video, audio, or surveillance tapes of any form related to this matter." At a pretrial hearing, [Petitioner] specifically requested a copy of a surveillance tape that purportedly recorded the confidential informant making two controlled narcotics buys from him. [Petitioner] provided the State with a blank tape, and despite assurances from the State that a copy of the tape would be provided, none was ever made.
>
> Citing the State's failure to comply with his discovery request, [Petitioner] filed a motion in limine praying that "any and all inculpatory evidence related to the audio surveillance tapes" be suppressed and that all of the State's witnesses be admonished from mentioning the content of or existence of the tapes. In the alternative, he prayed for a continuance and an order compelling disclosure. [Petitioner] filed a second motion in limine in which he asked the trial court to suppress photographs of the crime scene that had not been provided to him by the State, and that allegedly would show how difficult it would have been for him to know that a gun was in the residence. The State did not oppose either motion, and the trial court suppressed the evidence.

*Jones I*, 1999 WL 10098, at *1.

In Petitioner's Rule 37 appeal, the Arkansas Supreme Court rejected Petitioner's claim that counsel was ineffective in moving for suppression of the tape. The Court concluded that, as a matter of trial tactics, counsel had performed reasonably in moving to suppress evidence that he had not seen nor heard:

> Counsel is allowed great leeway in making strategic and tactical decisions, and those decisions are a matter of professional judgment. Matters of trial tactics and strategy are not grounds for postconviction relief on the basis of ineffective assistance of counsel. Because it was reasonable for counsel to move to suppress evidence that he

11

> had never seen nor heard because of the potential damage to the defense, we affirm the denial of relief on this point.

*Jones II*, 2005 WL 488711, at *4 (internal citations omitted).[7]

Petitioner now claims that he informed his lawyer that his voice was not on the tape, and that he "knowingly moved to suppress this crucial piece of evidence and gutted his case." However, Petitioner does not explain how the Arkansas Supreme Court's *Strickland* analysis is incorrect. Because counsel did not know what was on the tape, the Court concludes that it was a reasonable tactical decision to move to suppress it. *See e.g., Evans v. Luebbers*, 371 F.3d, 445 (8th Cir. 2004) ("the strategic and tactical decisions made by counsel, though they may appear unwise in hindsight, cannot serve as the basis for an ineffective-assistance claim under *Strickland*.") Finally, Petitioner has failed to show that the Arkansas Supreme Court's *Strickland* analysis of his ineffective assistance argument is contrary to, or an unreasonable application of, federal law, nor an unreasonable determination of the facts based on the record of the state court proceeding.

---

[7]In considering Petitioner's ineffective assistance claims in his Rule 37 appeal, the Court recited the governing constitutional standard from *Strickland v. Washington*, 466 U.S. 668 (1984): "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable. Thus, a defendant must first show that counsel's performance 'fell below an objective standard of reasonableness,' and second, that the errors 'actually had an adverse effect on the defense.'" *Jones II*, 2005 WL 488711, at *2 (internal citations omitted).

Petitioner also claims that his attorney was constitutionally ineffective because he was not prepared for trial, a claim that was presented to the Arkansas Supreme Court but rejected on procedural grounds:

> As for [Petitioner's] claim that counsel was not prepared to go to trial, it is procedurally barred as it was not raised below. It is well settled that we will not address arguments raised for the first time on appeal. . Although counsel did testify at the Rule 37 hearing regarding his attempts to meet with [Petitioner] prior to trial, it does not appear that the issue was actually raised. Even if it could be argued that the issue was addressed at the hearing, the trial court did not rule on the claim, and we have repeatedly stated that the failure to obtain a ruling on a Rule 37 issue at the trial court level precludes review on appeal. *Matthews v. State*, 333 Ark. 701, 705, 970 S.W.2d 289, 292 (1998).

*Jones II*, 2005 WL 488711, at *2. Thus, the Court was not required to reach the merits of Petitioner's claim that his attorney was constitutionally ineffective.

The doctrine of procedural default now bars Petitioner from raising this claim in this action. Petitioner has not demonstrated cause and actual prejudice, or actual innocence, to excuse his procedural default. Accordingly, Petitioner is not entitled to habeas relief on this claim.

Petitioner next contends that his trial counsel was ineffective because he failed to obtain a continuance of Petitioner's trial.[8] In his direct appeal, Petitioner claimed that the trial court erred in denying him a continuance so that he could obtain the presence of the confidential informant at trial. The Arkansas Court of Appeals rejected this argument, concluding that the trial court did not abuse its discretion in denying the motion.[9] Among other things, the Court noted that trial counsel did not

---

[8]It is arguable whether Petitioner has raised this ineffective assistance claim in his habeas papers. However, because this issue was raised and decided by the Arkansas Supreme Court in Petitioner's Rule 37 appeal, the Court will address the argument out of an abundance of caution.

[9]The Court evaluated four factors that should be weighed by the trial court in deciding a continuance motion: "(1) the diligence of the movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the attendance of the witness in the event of a postponement; and (4)

13

file an affidavit in compliance with Ark. Code Ann. § 16-63-402(a), which the Court stated would justify rejecting Petitioner's continuance argument in and of itself.[10]

In Petitioner's Rule 37 appeal, he argued that counsel was ineffective for failing to include the affidavit with the motion for continuance. The Arkansas Supreme Court rejected this argument, concluding that Petitioner failed to demonstrate prejudice for the alleged deficiency under *Strickland's* second prong:

> Finally, [Petitioner] claims that counsel failed to include, with his motion for continuance, an affidavit pursuant to Ark. Code. Ann. § 16-63-402(a), in order to secure the attendance and testimony of the confidential informant at trial. As a result, the motion for continuance was denied. According to [Petitioner], the confidential informant would have confirmed that [Petitioner] was not involved in the drug buys in question. At the hearing, counsel testified that he attempted to locate the informant and that his process server learned from the informant's parents that the informant was out of state. Moreover, counsel testified that it was impossible for him to file an affidavit proffering what the witness would have said because he had never seen that witness, and he only knew what [Petitioner] had told him regarding the informant's testimony.
>
> In denying relief, the trial court held that [Petitioner] had the burden of producing the testimony of the missing witness or presenting his affidavit, deposition, or proffer in order to show that the outcome of [Petitioner's] case would have been different had the witness been called to testify. The court held that [Petitioner] had failed to make such a showing as the testimony of the confidential informant was not before the court.

---

the filing of an affidavit, stating not only what facts the witness would prove, but also that the [Petitioner] believes them to be true." *Jones I*, 1999 WL 10098, at *3.

[10]The pertinent portion of the statute provides that "[a] motion to postpone a trial on account of the absence of evidence shall, if required by the opposite party, be made only upon affidavit showing the materiality of the evidence expected to be obtained and that due diligence has been used to obtain it. If the motion is for an absent witness, the affidavit must show what facts the affiant believes the witness will prove and not merely show the effect of the facts in evidence, that the affiant believes them to be true, and that the witness is not absent by the consent, connivance, or procurement of the party asking the postponement." Ark. Code Ann. § 16-63-402(a).

> [Petitioner] asserts what he contends would have been the substance of the witness's testimony, but does not provide support for the allegation. An unsupported, conclusory allegation cannot form the basis for postconviction relief. *Dansby v. State*, 350 Ark. 60, 67, 84 S.W.3d 857, 862 (2002). Even on direct appeal, the court of appeals noted that [Petitioner] had not spoken with the informant and that it was "only speculative that he even would tell a different story" than that of the officers who witnessed the buys. The court noted that the testimony of the officers made the confidential informant's testimony "at best contradictory."
>
> [Petitioner] has not provided the substance of the confidential informant's testimony in order to show that he was prejudiced by counsel's failure to secure the attendance and testimony of the informant through the affidavit. Without a showing of prejudice, we cannot grant postconviction relief. We therefore affirm the ruling below.

*Jones II*, 2005 WL 488711, at *4-5.

To the extent that Petitioner argues that he is entitled to habeas relief due to the failure of his trial counsel to attach the required affidavit, he has made no showing that the Arkansas Supreme Court's *Strickland* analysis was contrary to, or an unreasonable application of, federal law, nor an unreasonable determination of the facts based on the record of the state court proceeding. Thus, the Court concludes that this ineffective assistance of counsel argument is without merit.

Finally, the Court notes that, in Petitioner's Amended Habeas Petition, he alleges a number of other grounds for ineffective assistance of counsel, including that his trial attorney: (1) was improperly motivated to provide ineffective assistance in order to "save the State funding;" (2) failed to ask for necessary hearings and failed to file needed motions or writs; (3) failed to investigate the case; (4) failed to pursue "legal technicalities;" (5) failed to subpoena witnesses; (6) failed to ask for "Professional Witnesses;" (7) failed to ask for independent laboratory testing; and (8) multiple violations of the Arkansas Rules of Professional Conduct, "especially Rule 1.4 which deals with communication."

15

None of these additional claims were ever presented in state court. Thus, they are procedurally defaulted. "[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court." *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir.2006). In addition to raising a claim in state court in a timely and procedurally correct manner, a habeas petitioner must also demonstrate that he "fairly presented" the constitutional nature of his argument in state court. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). To satisfy the "fair presentation" requirement, a habeas petitioner must have referred the state court to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Ford v. Norris*, 364 F.3d 916, 921 (8th Cir. 2004). Claims in a federal habeas petition not presented in the state court proceedings and for which there is no remaining state court remedy are defaulted, and a habeas petitioner's default will be excused only if he shows cause and prejudice for the default or a miscarriage of justice. *Winfield*, 460 F.3d at 1034.

Petitioner has not established the cause and prejudice or actual innocence exceptions to procedural default of these ineffective assistance claims. While Petitioner appears to argue that his Rule 37 counsel did not "include previously discussed issues that needed to be adjudicated at the State level," *see* docket entry #19 at 4, the alleged deficient performance of postconviction counsel cannot excuse procedural default because Petitioner had no constitutional right to postconviction counsel.

**D.     Denial of Right to Appeal**

Petitioner restates the circumstances surrounding his Rule 37 appeal and the alleged ineffective assistance of postconviction counsel, including that his appointed lawyer did not timely

16

lodge his appeal, timely file a brief, or include an abstract with his brief. According to Petitioner, he was denied his "right to appeal" and he is entitled to rebriefing before the Arkansas Supreme Court. Petitioner's argument is meritless because, despite all of the noted deficiencies of counsel, the Arkansas Supreme Court nonetheless considered all of the arguments raised in Petitioner's Rule 37 appeal and either rejected them on the merits or on procedural grounds. Thus, the Court concludes that this argument is without merit.

### E. Prosecutorial and Judicial Criminal Misconduct

Petitioner cites to numerous federal criminal statutes and rules to argue that the prosecuting attorney and the police committed various crimes in searching, arresting, and prosecuting him, including perjury, conspiracy, "deprivation of rights," and fraud, all in violation of his constitutional rights.[11] Petitioner contends that "the claims are in fact 'crimes' which exhibit a manifest injustice served upon the Petitioner by the Prosecuting Authority to cover up the illegal and unconstitutional actions of a corrupt Police Department, most of whom have since been removed from Office." (Docket entry #28 at 2.) Petitioner also claims that the state trial court was improperly motivated to deprive Petitioner of constitutional rights in order to save money and because, if he found counsel ineffective, he himself would then be exposed to liability.

Even if the Court assumes that these conclusory allegations constitute a viable habeas claim, Petitioner has procedurally defaulted this claim by failing to fairly present it in state court. Petitioner argues in his Reply that any procedural default should be excused because his claims establish a miscarriage of justice and that presentation would be futile. However, Petitioner has done nothing

---

[11]Petitioner cites to, among other things, 42 U.S.C. § 1983, but clarifies in his Reply that his claims are not made pursuant to § 1983. (Docket entry #28 at 2.)

more than make conclusory assertions which fall far short of establishing the cause and prejudice or actual innocense exceptions to procedural default. Petitioner contends that any argument that was not presented in state court necessarily establishes ineffective assistance of counsel for failure to make the argument. However, in order for ineffective assistance of counsel to excuse procedural default, it must be presented as an independent constitutional violation in state court. Other than the previously discussed ineffective assistance of counsel claims, no other such claims were presented to and decided by the Arkansas Supreme Court in Petitioner's Rule 37 appeal. Thus, the Court concludes that Petitioner's "prosecutorial and judicial criminal misconduct argument" is without merit.

F.   **Alleged Eighth Amendment Violation**

Petitioner next argues that his sentence constitutes cruel and unusual punishment under the Eighth Amendment, and that the State impermissibly imposed a sentence to "punish" him, rather than to "rehabilitate" him. The Court concludes that this claim is procedurally defaulted due to Petitioner's failure to raise it in state court. Likewise, Petitioner has not established either the cause and prejudice or actual innocence exceptions to procedural default in connection with this claim.

G.   **Challenge to the Arkansas Court of Appeals' Appellate Jurisdiction**

Finally, Petitioner argues that the Arkansas Supreme Court, not the Arkansas Court of Appeals, had jurisdiction to decide his direct appeal because his aggregate sentence was in excess of thirty years. In support of this argument, Petitioner relies on Ark. R. Sup. Ct. 1-2(a)(2). Respondent argues that the claim is procedurally defaulted because Petitioner did not challenge the jurisdiction of the Court of Appeals during the appellate proceedings.

The Court does not need to decide whether this claim is procedurally defaulted. Assuming

for the sake of argument that it is not, and that the claim could form the basis for federal habeas relief, it would still fail on the merits. Petitioner has misread the applicable jurisdictional rule. In 1996 the Arkansas Supreme Court amended Ark. R. Sup. Ct. 1-2(a)(2) so that it retained subject-matter jurisdiction in criminal cases where the death penalty or life imprisonment was imposed, while the Arkansas Court of Appeals was left with jurisdiction in criminal cases where a term-of-years was imposed. Thus, the Court concludes that this argument is without merit.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for Habeas Corpus under 28 U.S.C. § 2254 (docket entry #2) and Motion for Declaratory Judgment (docket entry #29) be DENIED, and that this case be DISMISSED, WITH PREJUDICE.

Dated this 16th day of April, 2007.

_____
UNITED STATES MAGISTRATE JUDGE